*Gibbs & Turner,* for plaintiff in error.   *R. L. Bennett,* contra.

---

### 7397.   CROSS *v.* THE STATE.

HODGES, J.  It appearing that while the jury were deliberating on their verdict one of the jurors requested the sheriff to say whether or not a certain witness had testified that he purchased beer from the defendant since she paid her last fine, and that the sheriff answered that the witness had so testified, this court is compelled to set aside the verdict, regardless of the merits of the case. A proper administration of public justice requires that, regardless of the guilt or innocence of the accused, the trial shall be fair and impartial. The jury must remember the testimony, and any communication, even from the sheriff, as to what

was testified on the trial raises the presumption that the rights of the accused suffered therefrom.                    *Judgment reversed.*
                    DECIDED JUNE 23, 1916.

Indictment for sale of liquor; from Emanuel superior court—Judge Hardeman.   March 13, 1916.

*Kirkland & Kirkland, Larsen & Crockett,* for plaintiff in error.
*R. Lee Moore, solicitor-general,* contra.